UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEISHA A. JONES,

                              Plaintiff,

            -against-                                          20-CV-6788 (LLS)

STEVEN BANKS, DSS Commissioner;                   ORDER TO AMEND
NONPROFIT CORPORATION 1-5; DSS
EMPLOYEE 1-5,

                              Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who currently resides in a Manhattan shelter, filed this *pro se* action under 42

U.S.C. § 1983, alleging that Defendants violated her constitutional rights. By order dated August

24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis*. Plaintiff filed an order to show cause seeking a temporary restraining order. For

the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within

sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against Steven Banks, "Nonprofit Corporation 1-5," and "DSS Employee 1-5," regarding events occurring from June 29, 2020, through the present.[1] The following facts are taken from the complaint and the order to show cause (ECF Nos. 2-3.)

---

[1] Plaintiff refers to Banks as the Commissioner of the New York City Department of Social Services (DSS). According to the DSS website, Banks is Commissioner of the New York City Human Resources Administration (HRA), which is a component of the DSS.

On June 22, 2020, Plaintiff was assigned to an "unacceptable congregate women's shelter, with approximately 10-15 per room, by DSS contractor Help USA," in "one of the boros of NYC." Plaintiff refers to the shelter as "Cpal," but she does not provide its address because she does not want to put any of its residents in "jeopardy." (ECF No. 2.) Cpal does not appear to be the same shelter where Plaintiff currently resides.

Plaintiff is susceptible to contracting COVID-19 because her health is "fragile" and she suffers from unnamed "preexisting conditions." Her "medical letter on file" states that Plaintiff "could expire prematurely if [she] is unable to maintain basic necessities to take care of [her]self" while she seeks permanent housing. Plaintiff has "multiple solicited and unsolicited RA's (reasonable accommodations) on file at DSS, and a pending appeal hangs in the balance for an acceptable location with a kitchenette/kitchen facility closer to [her primary care physician], medical lab, specialist, and other resources [she needs] located in [] Manhattan." (*Id.*)

The complaint contains myriad allegations about conditions in the shelters. According to Plaintiff, shelter staff unlock her door at night and enter her room while she is trying to sleep or using the bathroom, and she has not "eaten a proper meal at either Help USA or Cpal shelters, because she is not provided with sufficient "clean, fresh, local food" and clean water, leaving her "dehydrated, malnourished, and fatigued." Plaintiff also asserts that there was a "fraudulent scheme to take [her] monthly SNAP and cash." (ECF No. 3.)

Plaintiff alleges that DSS has been "deliberately indifferent," "employs policies, practices and procedures that are fraudulent injurious and discriminating," violated her constitutional and human rights and ran "afoul of the law" by "engaging in harassment, intimidation, tortious interference, invasion of privacy, intentional infliction of emotional distress," and retaliated against her for filing complaints. (ECF 2 at 5.)

Plaintiff seeks money damages and "policy changes." (*Id.*)Plaintiff also seeks injunctive relief, including orders requiring: that "Westhab (shelter contractor)" stop unlocking her door and entering her room at night while she is trying to sleep; that Defendants stop "harassing and targeting" her by "generating (standard?) ILP forms that falsely accuse" her of missing appointments; that Defendants provide Plaintiff with a copy of her complete file; that Help USA provide Plaintiff with a "forged document" and other documents that make up her "intake packet;" that Help USA be "audited and monitored" because of "deplorable" conditions in its shelters; that Plaintiff be allowed to bring into the shelter a blender, a juicer, and an electric kettle, all of which are necessary items for her to maintain her health; that HRA Center staff stop "breaking the law by ignoring, delaying, and withholding in person emergency assistance" requests to pay for storage of Plaintiff's personal possessions. (ECF No. 3.)

## DISCUSSION

### A.      Section 1983 and the Fair Housing Act

Plaintiff asserts claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A plaintiff asserting claims under § 1983 must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

The Court also construes the complaint as asserting a claim under the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq.* The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C. § 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

1.      HRA Commissioner Steven Banks and DSS Employees

Plaintiff names as Defendants HRA Commissioner Steven Banks and DSS employees,

but she does not allege facts showing how those Defendants were personally involved in

violating her constitutional rights. Plaintiff may be complaining about shelter conditions, but

there is no constitutional right to a well-run shelter system. In *Lindsey v. Normet*, the Supreme

Court held that there is no "constitutional guarantee of access to dwellings of a particular

quality." 405 U.S. 56, 74 (1972). Furthermore, the government has no "obligation to provide

adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176,

at \*2 (S.D.N.Y. Apr. 17, 2013) (quoting *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624

(RJD), 2009 WL 35074, at \*3 (E.D.N.Y. Jan. 6, 2009)).

Further, Plaintiff's allegations about being sent to an undesirable shelter do not state a

federal claim because one does not have a due process property right to placement in a particular

type of shelter under federal law or New York law. *See Lindsey*, 405 U.S. at 74 ("We are unable

to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a

particular quality. . . [a]bsent constitutional mandate, the assurance of adequate housing and the

definition of landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New

York City Dept. of Homeless Services*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) ("The Plaintiff

has no claim for deprivation of property without due process because he does not have a property

right to placement in a particular type of shelter under New York law").[3]

---

[3] Plaintiff does not sue the City of New York, but she seeks "policy" changes, and it may
be her intention to sue the City of New York. When a plaintiff sues a municipality under § 1983,
it is not enough for the plaintiff to allege that one of the municipality's employees or agents
engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the
violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A
municipality or other local government may be liable under this section [1983] if the
governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be
subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436

Finally, Plaintiff alludes to being denied reasonable accommodations, which could suggest a claim under the Fair Housing Act (FHA). But she fails to identify the nature of her disability or specify the type of reasonable accommodations she requested. The Court grants Plaintiff leave to amend her complaint to provide more facts in support of an FHA claim.

2.      Claims against "Nonprofit Corporation 1-5"

Plaintiff names "Nonprofit Corporation 1-5," which may be private entities with some connection to the shelters where she has been housed. But the complaint fails to show that these defendants qualify as state actors who may be held liable under § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.").

The activity of a private entity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with state or its functions are entwined

---

U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff does not name the City of New York as a defendant, and does not identify the municipal policy, custom, or practice at issue, or explain how that policy, custom, or practice resulted in injury to her.

with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of § 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a public function because it is not the exclusive province of the state. *See, e.g., George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

Plaintiff does not assert facts suggesting that the actions of "Nonprofit Corporations 1-5" are attributable to the government. Should there be additional facts to support a claim against these defendants, Plaintiff may assert them in an amended complaint.

**B.      Motion for Injunctive Relief**

Plaintiff has filed an order to show cause seeking a temporary restraining order. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not

be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth in this order, the facts alleged do not state a viable claim under either § 1983 or the FHA. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for an order to show cause is denied.

## C.     Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." Because it is not clear at this stage whether Plaintiff can state any federal claims, the Court will determine at a later time whether to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claim).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid § 1983 claim, the Court grants Plaintiff sixty days' leave to amend her complaint to detail her claims.

First, Plaintiff must name as the defendants in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing her action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Security Guard John Doe #1 on duty August 31, 2010, at the Bellevue Shelter, during the 7-3 p.m. shift."

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.[6]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The order to show cause is denied without prejudice.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-6788 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

---

[6] In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

time allowed, and she cannot show good cause to excuse such failure, the complaint will be

dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   August 26, 2020
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


                        -against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

\_\_\_\_\_CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
              (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State              Zip Code

_____

Telephone Number                        Email Address (if available)

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.